FILED
SUPERIOR COURT
OF GUAM

2020 APR 16 PM 2: 26

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

IGNACIO P. PEREDA, ADMR., ESTATE OF ANA PEREZ PEREDA, DEC., SANDRA MESA QUINATA, ADMX., ESTATE OF EMILIA PEREZ MESA, DEC., JOSE P. PEREZ, ADMR., ESTATE OF ISMAEL CRUZ PEREZ aka ARTEMIO CRUZ PEREZ, DEC., MICHELLE CRUZ MANIBUSAN, ADMX., ESTATE OF OLEGARIO CRUZ PEREZ, DEC., MANUEL L.G. PEREZ, ADMR., ESTATE OF JOAQUIN CRUZ PEREZ, DEC., AND LOURES M. CASTRO, ADMX., ESTATE OF ROSALINA PEREZ RIOS, DEC.,

     Plaintiffs,

   vs.

ROBERTA R. PEREZ,

     Defendant.,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CV0419-19

DECISION AND ORDER
(Plaintiffs' Motion for Summary Judgment)

## INTRODUCTION

This matter is before the Honorable Anita A. Sukola on a Motion for Summary Judgment filed by Plaintiffs Ignacio P. Pereda *et al.* Attorneys John C. Terlaje and Edward S. Terlaje represent Plaintiffs. Attorney Vincent Leon Guerrero represents Defendant Roberta R.

Perez. The Court held a motion hearing on January 23, 2020, and subsequently took this matter under advisement. For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment.

## BACKGROUND

At issue in the instant matter is the ownership of Estate No. 1078 (also known as "Lot 2164"). The estates of Ana Perez Perez, Emilia Perez Mesa, Ismael Cruz Perez *aka* Artemio Perez Rios, Olegario Cruz Perez *aka* Macario Cruz Perez, Joaquin Cruz Perez, and Rosalina Perez Rios (these individuals and their respective estates will hereinafter be referred to as "Plaintiffs") assert that they each hold a 1/6 interest in Lot 2164. Roberta asserts that she should be included in ownership and that she and all Plaintiffs should each hold a 1/7 interest in Lot 2164.

### A.    Relationship of the parties.

There is a factual dispute regarding the relationship of the parties. All parties claim to be the direct descendants of Antonio Perez Indalecio ("Indalecio"), the original owner of Lot 2164. Indalecio had one known child, Manuel Perez Salas ("Manuel"). Plaintiffs are the children of Manuel and Manuela Cruz Perez ("Manuela"). Defendant Roberta is the daughter of Jose Cruz Perez ("Jose"), the son of Manuela. The dispute is whether Jose was a full sibling or a half-sibling of the Plaintiffs. Jose was born to Manuela, but the parties disagree as to whether Jose's father was Manuel, or he was born to Manuela's subsequent marriage. It is undisputed that Manuela is the mother of Plaintiffs and the grandmother of Roberta.

According to Plaintiffs, Roberta's father is the half-brother of Plaintiffs, but Roberta is not the daughter or niece of any of the Plaintiffs. Therefore, Roberta would not be related by

blood to Antonio Perez Indalecio. Plaintiffs' version of the relations is represented by the following diagram:[1]



Roberta claims that her father was a full sibling of Plaintiffs. Roberta's version of the relations is represented by the following diagram:



---

[1] In the interest of space, Plaintiffs have been identified as P1-P6.

**B.    History of Lot 2164.**

On November 18, 1919, a Deed of Partition recorded on Page 160, Agana Volume 16, assigned Lot 2164 to Plaintiffs. On December 27, 1928, Manuela filed an application for registration of land estate wherein she declared that Plaintiffs were the owners of Lot 2164. Manuela did not include Jose as an owner. The Naval Government of Guam ("Naval Government") approved this application on January 21, 1929. On March 14, 1929, the Naval Government issued a Certificate of Guaranteed Claim showing that Plaintiffs were the owners in fee simple of Lot 2164.

On August 11, 1958, the District Court of Guam entered a Judgment affirming the United States of America's taking of Lot 2164, stating that Plaintiffs, as "sole owners and claimants," each owned 1/6 interests in Lot 2164, and that the United States of America agreed to pay each owner $2,000.00 to compensate for the taking of the property. The District Court of Guam Judgment did not mention Roberta nor her father Jose as having an interest in Lot 2164.

On October 20 and 24, 2003, the Guam Ancestral Lands Commission ("GALC") published notice of a Title Hearing scheduled for October 27, 2003, in the Marianas Variety News and Views. On November 15, 2003, GALC conveyed Lot 2164 via quitclaim deed to Plaintiffs. On February 2, 2019, Roberta filed a Notice of Claim and *Lis Pendens*. On April 9, 2019, Plaintiffs filed a Complaint to Quiet Title, initiating the instant case.

## ANALYSIS

**A. Standard for summary judgment.**

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." GRCP 56(c). "A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit . . . Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Iizuka Corp. vs. Kawasho Int'l*, 1997 Guam 10 at ¶ 7 (internal citation and quotations omitted). The Court must examine all facts in a light favorable to the non-movant. *Edwards v. Pac. Fin. Corp.*, 2000 Guam 27 ¶ 7.

The parties dispute whether Roberta's father was a full sibling or half-sibling of Plaintiffs. The question before the Court is whether this factual dispute is material.

**B. Antonio Perez Indalecio's interest in Lot 2164 was transferred to Plaintiffs.**

It is undisputed that Lot 2164 was owned by Indalecio. It is also undisputed that Indalecio died intestate. There is no showing that Indalacio's interest in Lot 2164 was probated. Roberta argues that there was never a written instrument transferring Indalecio's interest in Lot 2164 from his estate to Plaintiffs and that Lot 2164 is therefore still in Indalecio's name.

The Guam statute of frauds requires that real property may only be transferred by operation of law or by an instrument in writing. 21 GCA § 4101. The record contains no indication that Indalecio signed a deed of conveyance or that his estate was probated.

However, Plaintiffs have submitted the following documents (Verified Complaint, Exhibits A-E, respectively), all of which list the Plaintiffs – and not Jose or Roberta – as the sole owners of Lot 2164:

1. The Deed of Partition (1919)

2. Manuela Cruz Perez's Application for Registration of Land Estate (1928)

3. Certificate of Guaranteed Claim issued by the Naval Government (1929)

4. Lands Taking Judgment of the District Court of Guam (1958)

5. Quitclaim Deed issued by GALC (2003)

Roberta essentially argues that each of these documents are invalid because they are all based upon the fact that Lot 2164 was distributed from Indalacio's estate to Plaintiffs, an act which she argues never occurred. The Court disagrees. The entirety of the record before the Court clearly indicates that Lot 2164 was transferred to Plaintiffs.

Manuela's Application for Registration of Land Estate, filed in 1928, states that Plaintiffs "inherited [Lot 2164] from their deceased grandfather Antonio Perez Indalacio about nine years ago." The following year, the Naval Government issued a Certificate of Guaranteed Claim that states that "no legal claims rest against this estate in the record of the Island Court." The Certificate further states the following, in reference to Plaintiffs:

> Having complied with all legal requirements to entitle them to full ownership in fee simple for property described and title having been recorded as Lot No. 2164, Agana, Suburban, said property being described and title having been recorded as Estate No. 1078 in Vol. 21 of Agana, Page 710, Department of Records and Accounts, Naval Government of Guam, on the thirteenth day of January, 1929, and examination and verification of title showing that the right in equity to ownership of said property truly vests in the above named persons.

> The Naval Government of Guam hereby undertakes to defend said right of ownership of the above-named persons, their heirs, assignments, etc., against all claimants whatsoever, except such liens as may hereafter be incurred.

While the Certificate of Guaranteed Claim does not satisfy the written instrument requirement of the statute of frauds (because it was not signed by Indalacio or his agent), its existence provides evidence that Lot 2164 was properly transferred to Plaintiffs as an operation of law following Indalacio's death. Notably, the Naval Government was satisfied in 1929, after "examination and verification of title," that ownership of Lot 2164 truly vested in

Plaintiffs. Despite the Plaintiffs' present inability to provide written record of transfer from nearly one hundred years ago, the Court finds that the Naval Government's determination was properly based upon the applicable facts and law at the time. Due to the passage of time, this Court does not have access to as clear a factual record as that which was available to the Naval Government in 1929. Additionally, Roberta's alleged interest in Lot 2164 derives from Manuela, who filed the Application for Registration of Land Estate which led to the Naval Government issuing the Certificate of Guaranteed Claim. Manuela had knowledge of the facts surrounding the distribution of Indalacio's estate and informed the Naval Government that Lot 2164 passed solely to Plaintiffs.

In enforcing the federal Quiet Title Act, the District Court of Guam held the following:

> ... it is essential to preserve the finality of past real estate transactions, for could the Quiet Title Act's twelve year limitations period be avoided, contrary to the wish of Congress, an unlimited number of suits involving stale claims to Chamorro lands might be instituted. [Citation omitted.] But the analysis cannot stop here. If time limitations for filing suits set by Congress protecting the United States as a sovereign could be evaded as defendant contends, then theoretically all the other limitations periods such as those set by the Territory of Guam could similarly be circumvented where a descendant of a former landowner feels that his ancestor had not been treated fairly with regard to a given real estate transaction regardless of whether the transaction occurred decades, or even centuries, ago.

*United States v. Santos*, 878 F. Supp. 1359, 1364 (D. Guam 1993). The same reasoning applies to the instant case.

The Court will not speculate as to why Jose did not inherit an interest in Lot 2164. The Court is not inclined to overturn over one hundred years of consistent rulings which have all held that Plaintiffs are the sole owners of Lot 2164. The Court is especially averse to such speculation considering Jose lived his entire life without ever making a claim of ownership.

## C. The Marketable Title Act.

Further, the undisputed facts demonstrate that Plaintiffs possess sole title to Lot 2164 pursuant to Guam's Marketable Title Act, which states that if a person (1) has the legal capacity to own land in the territory of Guam, (2) has an unbroken chain of title to any interest in land by himself and his immediate and remote grantors since January 1, 1935, and (3) is in possession of such land, then he or she is deemed to have a marketable record title to such interest, "subject only to such claims thereto and defects of title as are not extinguished or barred by the application of the provisions of this Chapter and instruments which have been recorded since January 1, 1935." 21 GCA § 39102. A second statute, 21 GCA 39104, extinguishes all claims against a marketable title not recorded before August 1, 1960.

Plaintiffs argue that there is no factual dispute that Plaintiffs: (1) have the legal capacity to own land on Guam, (2) have an unbroken chain of title to their interest in Lot 2164 since January 1, 1935, (3) are in possession of Lot 2164, and (4) their marketable title to Lot 2164 is not subject to any claims or defects not extinguished or barred by other probate code provisions or instruments recorded since January 1, 1935. Roberta does not address the Marketable Title Act in her Opposition.

Plaintiffs currently hold legal title to Lot 2164. Roberta has not contested that Plaintiffs have the legal capacity to own land on Guam. The Court therefore finds that Plaintiffs have satisfied the first requirement of the Marketable Title Act.

Next, the Court must determine if Plaintiffs have an unbroken chain of title to their interest in Lot 2164 since January 1, 1935. Condemnation of land by the federal government creates a contingent future interest to the owner of the land. *In the Matter of Aguon*, 2013 Guam

4 ¶ 17. Therefore, despite the condemnation, Plaintiffs retained an interest in Lot 2164 between 1958 and 2003. Thus, Plaintiffs have an unbroken chain of title since 1919.

Thirdly, Plaintiffs are in possession of Lot 2164. The protections of the Marketable Title Act require actual possession of the property. 21 GCA § 39102. A holder of title to an unoccupied or undeveloped lot cannot claim the protection of the Marketable Title Act. *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12, ¶ 23, *aff'd on reh'g*, 2009 Guam 9, ¶ 23. Plaintiffs have satisfied this requirement by clearing and maintaining the property since it was returned to them by the GALC, as well as paying real property taxes. Mot. for Summary Judgment, Exh. I, Aff. of Michelle Cruz Manibusan; Exh. H, Aff. of Frankie S.N. Cruz.

Finally, the Court must determine if Plaintiffs' interest is subject to any claims or defects of title which are not extinguished or barred by the Marketable Title Act and instruments which have been recorded since January 1, 1935. Roberta's sole claim is that Indalacio's interest was never transferred to Plaintiffs. This claim is barred by the Marketable Title Act's statute of limitations, which provides the following:

> Such marketable title shall be held by such person and shall be taken by his successors in interest free and clear of all interest, claims and charges whatsoever, the existence of which depends in whole or in part upon any act, transaction, event or omission that occurred prior to January 1, 1935, whether such interest, claim or charge be evidenced by a recorded instrument or otherwise, **and all such interests, claims and charges affecting such interest in real property shall be barred and not enforceable in law or in equity, unless any person making such claim or asserting such interest or charge shall, on or before August 1, 1960, file for record a notice in writing**, duly verified by oath, setting forth the nature of his claim, interest or charge; and no disability or lack of knowledge of any kind on the part of anyone shall operate to extend his time for filing such notice of claim beyond August 1, 1960.

21 GCA § 39104 (emphasis added). Roberta's claim of ownership relies entirely on acts and/or omissions which occurred prior to January 1, 1935. Neither Roberta nor Jose nor Manuela

asserted any interest in Lot 2164 until 2019, long after the August 1, 1960 deadline imposed by Section 39104.

**D. Rule 56(f).**

Guam's Rules of Civil Procedure permits the court to deny an application for judgment or order a continuance for discovery to be had "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Guam R. Civ. P 56(f).

Roberta states that her father, Jose Cruz Perez, passed away on August 20, 2010, and that GALC failed to notify Jose or Roberta of Lot 2164 being returned. Roberta therefore requests formal discovery so that she can ascertain whether notice was ever provided. Roberta further requests discovery in order to show whether GALC complied with the statutory requirements for the return of ancestral lands.

The Court holds that additional discovery is unnecessary because the question of whether GALC provided proper notice to Jose or Roberta is not material. The record indicates that Lot 2164 was transferred to Plaintiffs – and Plaintiffs alone – roughly one hundred years ago. Upon the redistribution of Lot 2164, GALC had the obligation to return Lot 2164 to the owners of record.

## CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment.

SO ORDERED, this _16_ day of _April 2020_.

The Honorable Anita A. Sukola
Judge, Superior Court of Guam